# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RA'SHALL STEEDE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11-2351-STA-dkv ) |
| GENERAL MOTORS, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING THE MOTION TO COMPEL

Before the Court is Plaintiff Ra'Shall Steede's Objections to the Magistrate Judge's Order Denying the Motion to Compel (D.E. # 47) filed on April 16, 2012. The United States Magistrate Judge entered an order denying Plaintiff's motion to compel (D.E. # 43) on April 3, 2012. Defendant General Motors, LLC has filed a response in opposition to Plaintiff's Objections. For the reason set forth below, the Magistrate Judge's Order is **AFFIRMED**.

## BACKGROUND

The Magistrate Judge included the following background facts in her order, and neither party has objected to that portion of the order. This is a personal injury and products liability action in which Steede seeks both compensatory and punitive damages for injuries she suffered, including but not limited to damages for pain and suffering, past and future lost wages, property damage, and past and future medical expenses. (Pl.'s Am. Compl. ¶ 61, D.E. # 18.) Steede filed her initial complaint on April 1, 2011 in the Circuit Court of Shelby County, Tennessee. (Pl.'s Compl., D.E. # 1.) On

1

May 5, 2011, GM removed the action to the United States District Court for the Western District of Tennessee. (Def.'s Notice Rem., D.E. # 1.)

This action arises out of a April 4, 2010 car accident in which Steede was a passenger in a 2002 Chevrolet S-10 Blazer designed, engineered, manufactured, and marketed by GM. (Pl.'s Am. Compl. ¶¶ 6, 10, D.E. # 18.) The vehicle was driven by David J. Steede Jr., Plaintiff's husband, and was traveling westbound on Highway 72 outside Corinth, Mississippi. (*Id.* ¶ 6.) Mr. Steede lost control of the vehicle, and it went off the roadway and rolled over before coming to a stop. (*Id.* ¶ 7.) During the rollover, the interior compartment of the vehicle buckled, and the roof crashed down on Steede. (*Id.* ¶ 8.) Steede suffered serious and permanent injuries, including a right and left broken pelvis, left broken ankle, left broken hip, left broken leg, and a severely injured right leg which ultimately had to be amputated above her knee. (*Id.* ¶ 9; Pl.'s Resp. Opp'n to Mot. for Prot. Order, D.E. # 32., at 2.)

The parties are now engaged in discovery. Steede has filed a motion to compel GM to respond to two specific discovery requests to which GM objected: "Interrogatory No. 11" and "Request for Production No. 21." Plaintiff has not objected to the Magistrate Judge's ruling denying the motion to compel as to Interrogatory No. 11. (See Pl.'s Objs. 3 n.2, D.E. # 47). Plaintiff has only objected in part to the Magistrate Judge's denial of the motion to compel as to Request for Production No. 21. Specifically, the Magistrate Judge concluded that Plaintiff's request for information about vehicle rollovers at all of Defendant's test tracks and proving grounds around the world was unduly burdensome. According to Plaintiff, the Magistrate Judge's ruling was contrary to law because Defendant made only a generalized, "boilerplate" objection to Request for Production No. 21. Plaintiff argues that Defendant never showed how the production of this information would

be unduly burdensome. Plaintiff argues that the Magistrate Judge was required to receive some evidence or facts substantiating Defendant's objection that production would be unduly burdensome. While Plaintiff admits that Defendant produced the information for tests conducted at Defendant's North American proving grounds, Plaintiff contends that Defendant simply did not prove that the request for information about tests at other facilities in other hemispheres was unduly burdensome. For these reasons, Plaintiff argues that the Magistrate Judge's ruling was contrary to law. In the alternative, Plaintiff argues that for the same reasons the ruling was clearly erroneous.

Defendant has filed a response in opposition to Plaintiff's objections. Just as it did in response to the motion to compel, Defendant argues that GM manufactured more than 2.5 million similar GMT 330 vehicles in the United States during the period from 1995 to 2005, comprising multiple General Motors makes and models such as the Chevrolet Blazer, the GMC Jimmy, the Oldsmobile Bravada, the GMC Envoy, and the Chevrolet Trailblazer. Defendant asserts that it has produced nearly two decades of information from its North American Proving Grounds about incidents involving the GMT 330 vehicles. Defendant further asserts that it has already produced in discovery information about other incidents alleging personal injuries or death as a result of a defect in the roof system of the 2002 4-door Chevrolet Blazer (or similar vehicles with similar roof systems) involved in rollover crashes. Based on the amount of information already produced in discovery, Defendant argues that production of more information from testing at facilities outside of North America is unduly burdensome.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary

3

to law" standard of review for "nondispositive" preliminary matters such as motions to compel.[1] Fed. R. Civ. P. 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."[2] "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard."[3] Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and whether the finding was reasonable.[4] "When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'"[5]

## ANALYSIS

---

[1] *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A).

[2] Fed. R. Civ. P. 72(a); *Bell v. Int'l Bhd. of Teamsters*, 1997 WL 103320, *4 (6th Cir. 1997).

[3] *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted).

[4] *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (citations omitted).

[5] *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994)). *See also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

4

The Court holds that the Magistrate Judge's order was not clearly erroneous or contrary to law. Plaintiff's assignment of error is largely based on the argument that Defendant failed to introduce evidence in support of its objection to the discovery sought in Request for Production No. 21 as being unduly burdensome. Plaintiff correctly cites the precedent of this District holding that "[a] general statement that discovery is unduly burdensome, without more, is simply not enough to prohibit discovery of otherwise relevant information."[6] However, the Magistrate Judge based her ruling on more than a conclusory assertion that the discovery Plaintiff sought was unduly burdensome. The Magistrate Judge's order stated, "GM has already produced nearly two decades worth of testing data for vehicles similar to the 2002 Chevrolet Blazer at issue in this case from its North American proving grounds."[7] The Magistrate Judge went on to conclude that Defendant had no duty to produce the same information for tests conducted beyond North America, explaining that discovery has "ultimate and necessary boundaries."[8] The Court finds that the Magistrate Judge based her ruling on more than Defendant's general objection and that her holding was not contrary to law.

The cases Plaintiff cites in her Objections are factually distinguishable and actually support the Magistrate Judge's holding in this case. Each of these cases stands for the proposition that a party objecting to a discovery request cannot rest on a general objection but must substantiate the objection with specific facts. For example, in *Anderson v. Dilliard's, Inc.*, this Court found that "Dillard's has only provided the court with a general statement that the discovery is overly broad and

---

[6] *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 311 (W.D. Tenn. 2008).

[7] Order Denying Mot. to Compel 9–10 (D.E. # 43).

[8] *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

unduly burdensome, which by itself is insufficient to deny discovery."[9] Accordingly, the Court granted the plaintiff's motion to compel. Likewise, in *Oleson v. Kmart Corp*, the district court granted a motion to compel where the defendant failed to support its objection that certain discovery was unduly burdensome with an affidavit or other specific facts.[10] Finally, in *Jackson v. West Virginia University Hospitals, Inc.*, the district court found that the party resisting a discovery request had not provided the court with any facts to demonstrate how the request was unduly burdensome.[11] By contrast, the Magistrate Judge here based her ruling on the specific facts Defendant raised in its brief opposing the motion to compel and the information Defendant had already produced in discovery. Therefore, the Magistrate Judge's order was entirely consistent with the line of cases Plaintiff has cited and was not contrary to this body of law.

Furthermore, it was not contrary to law or clearly erroneous for the Magistrate Judge to accept Defendant's factual showing without further evidentiary support. Plaintiff appears to argue that the Magistrate Judge should have required Defendant to prove in more detail how production of evidence from testing facilities outside of North America would be unduly burdensome. However, this Court has recently concluded that a party opposing a discovery request need not "delve further into the process of discovery to provide even more refined estimates of the burden of compliance before any compliance is even required . . . ."[12] Therefore, it was not contrary to law

---

[9] *Anderson*, 251 F.R.D. at 311.

[10] *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997).

[11] *Jackson v. W. Va. Univ. Hosps., Inc.* No. 1:10cv107, 2011 WL 1831591, at *3–4 (N.D. W.Va. May 12, 2011).

[12] *First Tenn. Bank Nat. Ass'n v. Republic Mortg. Ins. Co.*, No. 2:10-cv-02513-JPM-cgc, 2011 WL 6130808, at *3 (W.D.Tenn. Dec. 8, 2011).

or clearly erroneous for the Magistrate Judge to deny the motion to compel based on the record before her.

For these reasons, the Magistrate Judge's order denying the motion to compel is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 7, 2012.