# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RA'SHALL STEEDE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    No. 11-2351-STA-dkv |
| | ) |
| GENERAL MOTORS, LLC, | ) |
| | ) |
|       Defendant. | ) |

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING THE MOTION FOR PROTECTIVE ORDER

Before the Court is Plaintiff Ra'Shall Steede's Objections to the Magistrate Judge's Order Granting the Motion for Protective Order (D.E. # 47) filed on April 16, 2012. The United States Magistrate Judge entered an order granting Defendant's motion for protective order (D.E. # 45) on April 11, 2012. Defendant General Motors, LLC has filed a response in opposition to Plaintiff's Objections. For the reason set forth below, the Magistrate Judge's Order is **AFFIRMED**.

## BACKGROUND

The Magistrate Judge included the following background facts in her order, and neither party has objected to that portion of her order. This is a personal injury and products liability action in which Steede seeks both compensatory and punitive damages for injuries she suffered, including but not limited to damages for pain and suffering, past and future lost wages, property damage, and past and future medical expenses. (Pl.'s Am. Compl. ¶ 61, D.E. # 18.) Steede filed her initial complaint on April 1, 2011 in the Circuit Court of Shelby County, Tennessee. (Pl.'s Compl., D.E. # 1.) On

1

May 5, 2011, GM removed the action to the United States District Court for the Western District of Tennessee. (Def.'s Notice Rem., D.E. # 1.)

This action arises out of a April 4, 2010 car accident in which Steede was a passenger in a 2002 Chevrolet S-10 Blazer designed, engineered, manufactured, and marketed by GM. (Pl.'s Am. Compl. ¶¶ 6, 10, D.E. # 18.) The vehicle was driven by David J. Steede Jr., Plaintiff's husband, and was traveling westbound on Highway 72 outside Corinth, Mississippi. (*Id.* ¶ 6.) Mr. Steede lost control of the vehicle, and it went off the roadway and rolled over before coming to a stop. (*Id.* ¶ 7.) During the rollover, the interior compartment of the vehicle buckled, and the roof crashed down on Steede. (*Id.* ¶ 8.) Steede suffered serious and permanent injuries, including a right and left broken pelvis, left broken ankle, left broken hip, left broken leg, and a severely injured right leg which ultimately had to be amputated above her knee. (*Id.* ¶ 9; Pl.'s Resp. Opp'n to Mot. for Prot. Order, D.E. # 32., at 2.)

As part of discovery, Plaintiff has requested certain technical information from Defendant including test reports, design, engineering and/or assembly drawings for the Chevrolet S–10 Blazer. Following the scheduling conference, the parties attempted to negotiate the terms of a protective order. The parties were successful in negotiating the essential terms of a protective order with one exception: they were unable to come to an agreement as to whether the protective order should include a provision that would allow Steede and her attorneys to share confidential material with other attorneys involved in similar cases against Defendant. The Magistrate Judge granted Defendant's motion for protective order and denied Plaintiff's request that the protective order include a sharing provision.

In her Objections to the Magistrate Judge's Order, Plaintiff argues that the Magistrate Judge

first erred by finding that Defendant had shown good cause for the protective order. Plaintiff asserts that Defendant failed to show that any of the information at issue was entitled to protection. Defendant did not show that the information included trade secrets, was confidential, or would otherwise create economic harm for Defendant if disseminated without a protective order. Plaintiff emphasizes that the specific model of vehicle at issue is no longer produced or sold in the United States and currently is available only in Brazil. Plaintiff characterizes Defendant's claims about possible harm as vague and conclusory at best. For example, Plaintiff attacks the affidavit of Jennifer Sevigny, an engineer employed in Defendant's Field Performance Assessment Group. Defendant relied on the Sevigny affidavit in support of its motion for protective order, and the Magistrate Judge made findings of fact based on the affidavit. Plaintiff argues that the Sevigny affidavit does not give specific examples of how dissemination of the information would harm Defendant and instead only speculates about the possible effects of competitors obtaining the information. For these reasons Plaintiff contends that the Magistrate Judge's order granting the protective order was contrary to law.

Furthermore, Plaintiff argues that the Magistrate Judge's decision to issue the protective order without the sharing provision requested by Plaintiff was clearly erroneous and contrary to law. Plaintiff claims that the Magistrate Judge had no evidence upon which to base her conclusion that Plaintiff's need for the information was outweighed by the risk of inappropriate release of Defendant's confidentiality information. Plaintiff highlights the number of cases against Defendant where Defendant agreed to protective orders with sharing provisions, including cases where Defendant has produced the same documents on the same vehicle as those Plaintiff seeks. According to Plaintiff, the Magistrate Judge had no evidence to support her conclusion that there was a risk of

3

protected information ending up in the hands of Defendant's competitors. Defendant failed to show that any of its confidential information disseminated under a protective order with a sharing provision had ever been improperly released. Finally, Plaintiff argues that the Magistrate Judge's concerns about the terms of the sharing provision proposed by Plaintiff were unfounded. The Magistrate Judge found that under the sharing provision counsel for Plaintiff would have unfettered discretion to release the protected information. Plaintiff contends that the proposed sharing provision required that other plaintiffs with similar claims against Defendant could receive the documents only if they agreed to be bound by the terms of the protective order and submitted to the jurisdiction of this Court. The sharing provision also required that any plaintiff who received the information had to obtain the consent of Defendant before using the information in his or her case. Therefore, Plaintiff objects to the Magistrate Judge's order granting the motion for protective order.

In its response to Plaintiff's Objections, Defendant argues that the Magistrate Judge's order was not clearly erroneous or contrary to law. Defendant contends that it adduced evidence in support of its claim that disclosure would result in concrete harm and that based on this evidence good cause existed for entry of the protective order. Regarding the sharing provision, Defendant argues that the Magistrate Judge properly found that a sharing provision would prejudice Defendant and that a non-sharing protective order would not impede Plaintiff's ability to discover relevant information in this case. Defendant asserts that the proof before the Magistrate Judge showed the information included not only trade secrets but also other confidential commercial information. As such, Defendant did not have to show that all of the information was a protected trade secret. For these reasons, Defendant asks the Court to affirm the Magistrate Judge's order.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters such as a motion for protective order.[1] Fed. R. Civ. P. 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."[2] "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard."[3] Under the clearly erroneous standard for findings of fact, the Court need only consider whether any evidence or showing exists to support the Magistrate Judge's finding and whether the finding was reasonable.[4] "When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'"[5]

**ANALYSIS**

---

[1] *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A).

[2] Fed. R. Civ. P. 72(a); *Bell v. Int'l Bhd. of Teamsters*, No. 96-3219, 1997 WL 103320, *4 (6th Cir. Mar. 6, 1997) (unpublished table opinion).

[3] *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted).

[4] *Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999) (citations omitted).

[5] *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994)). *See also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

## A. The Protective Order

The Court holds that the Magistrate Judge's order was not clearly erroneous or contrary to law. The Court finds Plaintiff's first assignment of error, that Defendant failed to show good cause for a protective order, to be without merit. Protective orders are authorized by Rule 26 of the Federal Rules of Civil Procedure "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ."[6] "To show good cause, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements."[7] Among the ways in which a court may fashion relief in a protective order is "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[8]

In the case at bar, the Magistrate Judge relied on the facts set forth in the Sevigny affidavit as well in Sevigny's deposition testimony. Specifically, Defendant has shown through Sevigny that even though the Chevrolet S–10 Blazer is no longer sold in the United States, the model is sold in Brazil, and a market for replacement parts still exists. As a result, the Magistrate Judge found that design and engineering information has economic value to Defendant, other companies could benefit from the information, and Defendant would suffer serious economic injury if the information was obtained by competitors. The Magistrate Judge also found that the information is not generally

---

[6] Fed. R. Civ. P. 26(c)(1).

[7] *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull,* 118 F.R.D. 252, 254 (D.D.C. 1987) (internal quotation marks omitted)); *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

[8] Fed. R. Civ. P. 26(c)(1)(G); *see also R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 269–70 (6th Cir. 2010).

known or readily ascertainable by others and that Defendant has taken steps to restrict access to the information, even among its own employees.[9] The Court holds that the Magistrate Judge's findings were not clearly erroneous. Defendant adduced adequate proof in support of these facts, and so the Magistrate Judge had a reasonable basis for arriving at her findings.

Furthermore, based on these findings of fact, the Magistrate Judge's legal conclusion that Defendant has established good cause for the protective order was not contrary to law. Defendant set forth with adequate specificity how free disclosure of the information would result in clearly defined harm, including economic harm and competitive disadvantage. Defendant also established that it had taken steps to safeguard the information even by restricting its own employees' access to the information. These are the kinds of showings that have typically supported a finding of good cause for entry of a protective order for commercial information.[10] The fact that the Magistrate Judge approved the protective order for these confidential documents generally (as opposed to making a document-by-document determination) was also not contrary to law. Courts routinely enter umbrella protective orders without an individualized and document-specific showing of

---

[9] Plaintiff stresses that none of this information constitutes trade secrets. To qualify as a trade secret, "information must (1) derive economic value from the fact that it is not known to others who could make use of it, and (2) be the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 410 (6th Cir. 2006) (applying Michigan law). The Court would simply point out that the protections of Rule 26(c)(1) reach not just trade secrets but also "other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Therefore, whether the information is a "trade secret" is not dispositive here. More to the point, the Magistrate Judge's finding that the information at issue was confidential commercial information was not clearly erroneous.

[10] *E.g. Allen v. Howmedica Leibinger, GmhH*, 190 F.R.D. 518, 525–26 (W.D. Tenn. 1999).

confidentiality or how disclosure would create harm.[11] Therefore, the Court holds that the Magistrate Judge's order granting a protective order was not contrary to law.

**B. The Sharing Provision**

With respect to Plaintiff's objection to the Magistrate Judge's decision not to include the sharing provision in the protective order, the Court also holds that the order was not contrary to law or clearly erroneous. The Sixth Circuit has held that documents produced during discovery are not "presumptively public."[12] A party who produces information in discovery continues to hold "protectable privacy interests in confidential information contained in such documents."[13] It follows that the Court may limit any party's ability to release documents obtained in discovery whether or not a public interest attaches to the information contained in the discovery responses.[14] The Court has the discretion to limit disclosure of confidential information to non-parties or litigants in other cases, particularly where the party producing the confidential information has shown good cause for

---

[11] *E.g. Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786–87 (3d Cir. 1994); *Transamerica Life Ins. Co. v. Moore*, No. 10-14-DCR, 2011 WL 97786, at *2 (E.D. Ky. Jan. 12, 2011); *Foley v. Signator Investors, Inc.*, No. 03-2099-KHV, 2003 WL 22844110, at 1* (D.Kan. Nov. 25, 2003) (holding that demonstration of good cause "may be done on a generalized as opposed to a document-by-document basis"); *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000) ("Additionally, "[b]lanket protective orders routinely are approved by courts in civil cases[.]").

[12] *The Courier Journal v. Marshall,* 828 F.2d 361, 364 (6th Cir.1987) (discussing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). *Cf. San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1103 (9th Cir.1999).

[13] *Howes v. Ashland Oil, Inc.,* No. 87–5939, 1991 WL 73251, at *7 (6th Cir. May 6, 1991) (unpublished table opinion) (citing *United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir.1986)).

[14] *Rhinehart,* 467 U.S. at 36 (holding that "[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders").

entry of a protective order.[15]

Applying these principals to the issue presented, the Court holds that the Magistrate Judge's decision was not contrary to law. Generally, the Court's task before entering a protective order is to balance the parties' competing interests and compare the hardships of granting or denying the request for a restriction on the release or disclosure of information.[16] As already discussed, Defendant has adduced evidence that release of its confidential commercial information would result in competitive harm. Even though Defendant agreed to produce its confidential information to Plaintiff, Defendant continues to hold "protectable privacy interests" in its information.[17] For her part Plaintiff has not shown how entry of a "non-sharing" protective order results in hardship for her case. Under the terms of the protective order approved the Magistrate Judge, Plaintiff will receive Defendant's confidential information in discovery and have the ability to use it in this case. The protective order simply does not allow Plaintiff to disseminate the information to non-parties or litigants in other cases. Plaintiff has not shown how this restriction, which is commonly included

---

[15] *Scott v. Monsanto Co.,* 868 F.2d 786, 792 (5th Cir. 1989); *McNulty v. Reddy Ice Holdings, Inc.*, No. 08-13178, 2010 WL 376274, at *2 (E.D. Mich. Jan. 25, 2010); *Long v. TRW Vehicle Safety Sys., Inc.*, No. CV-09-2209-PHX-DGC, 2010 WL 1740831, at *1–2 (D. Ariz. Apr. 29, 2010) ("This general right of access, however, is trumped where the defendant establishes good cause to protect discovery materials."); *Vollert v. Summa Corp.,* 389 F. Supp. 1348, 1351 (D. Haw. 1975) (court issues protective order "limiting plaintif's uses of the discovered information and prohibiting disclosure of the information beyond the confines of this case.").

[16] *York v. Am. Med. Sys., Inc.*, No. 97-4306, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998).

[17] *Howes*, 1991 WL 73251, at *7. Plaintiff makes much of the fact that Defendant has agreed to protective orders with sharing provisions in other cases involving the same vehicle and the same issues. Plaintiff also argues that Defendant has not given any examples of instances where its confidential information was improperly disclosed under the terms of such orders. Plaintiff cites no authority in support of her contention that Defendant must actually show past examples of how disclosure harmed its prospective competitive interests.

in protective orders, prejudices her ability to obtain discovery in support of her own claims.[18] Furthermore, the protective order permits counsel for Plaintiffs to retain copies of Defendant's confidential documents after the conclusion of the case at bar "for the purpose of using said documents in subsequent cases . . . in which they or either of them is involved either as attorneys of record or consultants."[19] As a practical matter then, the protective order does not deny Plaintiff or her attorneys the use of Defendant's confidential information. Under the circumstances, it was not contrary to law or clearly erroneous for the Magistrate Judge to find that entry of a protective order without a sharing provision would not prejudice Plaintiff.

For these reasons, the Magistrate Judge's order granting the protective order is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 7, 2012.

---

[18] *Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ-11-1188, 2012 WL 835722, at *3–4 (D. Md. Mar. 9, 2012) ("[T]he purpose of the particularized showing is to ensure that the requesting party obtains needed information, not to enable the requesting party to share information with third parties."); *McNulty*, 2010 WL 376274, at *2 (citing *Scott*, 868 F.2d at 792).

[19] Protective Order 3, Apr. 11, 2012 (D.E. # 46).